UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DOUGLAS McPHERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No: 4:15CV9 HEA |
| | ) |
| MEGAN J. BRENNAN,[1] | ) |
| | ) |
| Defendant. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss, [Doc. No. 2]. Plaintiff opposes the motion. For the reasons set forth below, the motion is granted.

## Introduction

Plaintiff filed this action against Defendant alleging violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* (ADEA) and Section 706(8), 791, 793-794(a) of the Rehabilitation Act, 29 U.S.C. § 794, *et seq.* Essentially, Plaintiff claims that Defendant has failed to hire him for the position of Criminal Investigator based on his age and disability

## Facts and Background[2]

---

[1] Pursuant to Federal Rule of civil Procedure 25(d), Megan J. Brennan is substituted as the proper Defendant in this matter. Ms. Brennan became the Postmaster General of the United States on February 1, 2015.

Plaintiff's Complaint alleges the following facts and background:

Plaintiff was employed as a detective with the St. Louis, Missouri Police Department. The United State Postal Service Office of Inspector General issued a Job Announcement for a Criminal Investigator with a closing date of July 31, 2012. Plaintiff applied for this position on July 19, 2012. The minimum requirements for the position included a "current 1811 classification." Plaintiff did not have a current 1811 classification. Plaintiff was not selected for the job, and filed an EEO claim alleging age discrimination regarding his failure to be hired for this position. After an investigation, the EEO office for the USPS issued a Final Agency Decision on October 7, 2014 finding that the evidence did not support a finding that Plaintiff was subjected to discrimination as alleged. On January 5, 2015, 2015, Plaintiff filed this action.

Defendant moves to dismiss the Complaint for failure to state a cause of action, (Count I) and lack of subject matter jurisdiction, (Count II).

## Discussion

**Failure to State a Claim**

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally

---

[2] The recitation of facts is taken from Plaintiff's Complaint and is set forth for the purposes of the pending motion to dismiss. The recitation does not relieve any party of the necessary proof of any stated fact in future proceedings.

2

flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles,* 244 F.3d 623, 627 (8th Cir.2001) *quoting Neitzke v. Williams,* 490 U.S. 319, 326–27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint must be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 570 (2007)(abrogating the prior "no set of facts" standard set forth in *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.,* 550 U.S. at 555. A complaint must set forth factual allegations which are enough to "raise a right to relief above the speculative level." *Id*. However, where a court can infer from those factual allegations no more than a "mere possibility of misconduct", the complaint must be dismissed. *Cole v. Homier Distributing Co., Inc.,* 599 F.3d 856, 861 (8th Cir.2010)(*citing Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868.1950 (2009)).

In passing on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Kottschade v. City of Rochester,* 319 F.3d 1038, 1040 (8th Cir.2003). While a complaint challenged by a Rule 12(b)(6)

motion does not need detailed factual allegations, a plaintiff must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. *Twombly,* 550 U.S. at 555. (internal citations omitted). "Although the pleading standard is liberal, the plaintiff must allege facts—not mere legal conclusions—that, if true, would support the existence of the claimed torts." *Moses.com Securities v. Comprehensive Software Systems, Inc.,* 406 F.3d 1052, 1062 (8th Cir.2005) *citing Schaller Tel. Co. v. Golden Sky Systems,* 298 F.3d 736, 740 (8th Cir.2002). In viewing the complaint in the light most favorable to the plaintiff, the court should not dismiss it merely because the court doubts that the plaintiff will be able to prove all of the necessary allegations. *Bennett v. Berg,* 685 F.2d 1053, 1058 (8th Cir.1982). The primary issue for a court to consider is not whether the plaintiff will ultimately prevail in the lawsuit, but whether the complaint adequately states a claim; and therefore, the plaintiff is entitled to present evidence in support of that claim. A complaint may not be dismissed based upon a district court's assessment that the plaintiff will fail to present evidentiary support for the complaint's allegations or will ultimately fail to prove one or more claims to the satisfaction of the factfinder. *Twombly,* 550 U.S. at 556; *Neitzke v. Williams,* 490 U.S. at 327 ("What Rule 12(b)(6) does not countenance are dismissals based upon a judge's disbelief of a complaint's factual allegations."). However, "[w]here the allegations show on the face of the

complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.,* 524 F.3d 866, 870 (8th Cir. 2008). Further, courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868.1950 (2009)(*quoting Twombly,* 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 129 S.Ct. at 1950. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. *Id*. With this plausibility standard in mind, this Court turns to an examination of the plaintiff's complaint.

The ADEA prohibits discrimination against employees, age 40 and over, because of their age. 29 U.S.C. § 623(a)(1), 631(a). When, as here, a plaintiff relies on circumstantial rather than direct evidence of age discrimination, the case is considered under the burden-shifting framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Tusing v. Des Moines Indep. Cmty. Sch. Dist.,* 639 F.3d 507, 515 (8th Cir.2011) (upholding the continued applicability of *McDonnell Douglas* after *Gross v. FBL Fin. Servs., Inc.,* ––– U.S. ––––, 129 S.Ct. 2343, 174 L.Ed.2d 119 (2009)); *Haigh v. Gelita USA, Inc.,* 632 F.3d 464, 468 (8th Cir.2011) (applying *McDonnell Douglas,* after *Gross,* in ADEA claim based on circumstantial evidence). In order to state a *prima facie*

case of age discrimination, a plaintiff must show that (1) he is over 40 years old, (2) he met the applicable job qualifications, (3) he was not hired for the position, and (4) a similarly situated younger individual was hired. *Onyiah v. St. Cloud State Univ*. 684 F.3d 711, 719 (8th Cir. 2012).

Plaintiff's Complaint clearly fails to set forth that he was qualified for the position, through the admission that he did not have the 1811 classification, since it was a "minimum qualification" for the position for which Plaintiff applied. Additionally, Plaintiff fails to set out sufficient allegations that a similarly situated younger person was hired for the position. Plaintiff's Complaint fails under the *Twombly* and *Iqbal* standards.

Count II of Plaintiff's Complaint fails to allege that Plaintiff has a disability as defined by Section 504 of the Rehabilitation Act. A person with a disability is defined as any person who has a physical or mental impairment that substantially limits one or more of such person's major life activities; has a record of such impairment; or is regarded as having such an impairment. 42 U.S.C. § 12102(2). Plaintiff's Complaint merely alleges that Plaintiff is a ""30% disabled veteran." This allegation is insufficient to satisfy the *Twombly* and *Iqbal* requirements of setting forth that Plaintiff can state a claim under the Rehabilitation Act.

**Lack of Subject Matter Jurisdiction**

Defendant also contends that Plaintiff's Complaint must be dismissed for failure to exhaust his administrative remedies. Because the Complaint fails to state a claim, the Court need not address Defendant's argument regarding exhaustion. The Court does, however, admonish Plaintiff to be mindful of the requirement and any reasons for a failure to exhaust in drafting his amended complaint.

**Conclusion**

Defendant's motion is well taken. The motion to dismiss will be granted. At this stage of the litigation, the Court is of the opinion that Plaintiff should be given the opportunity to amend her Complaint to state a plausible claim which would entitle him to relief, if proven.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 2,] is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff is given 14 days from the date of this Opinion, Memorandum and Order to file an Amended Complaint.

Dated this 21st day of December, 2015.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE