# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DOUGLAS McPHERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:15CV9 HEA |
| | ) |
| MEGAN J. BRENNAN, | ) |
| Postmaster General, United States Postal Service, | ) |
| | ) |
| Defendant. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion for Summary Judgment [Doc. No. 40]. Plaintiff's response was due on May 20, 2019. On May 29, 2019, Plaintiff filed a Motion for Extension of Time to Respond. The Motion was granted on May 30, 2019. The Court gave Plaintiff up to and including June 2019 to file his response. On June 24, 2019, Plaintiff filed an "Answer to Statement of Uncontroverted Material Facts," wherein Plaintiff "denies" substantially all of Defendant's material facts. Plaintiff has not filed a memorandum in response to the Motion for Summary Judgment, nor does Plaintiff provide specific references to evidence in the record to controvert Defendant's facts. For reasons set forth below, the Motion for Summary Judgment will be granted.

## Facts and Background

Defendant has, in accordance with the Court's Local Rules, submitted a Statement of Uncontroverted Material Facts. Although Plaintiff submitted his Answer to Defendant's Uncontroverted Material Facts, he failed to support any of his denials with any specific references to admissible evidence in the record. Indeed, Plaintiff has failed to submit *any* affidavits, deposition testimony or other admissible evidence in response to Defendant's Motion. Mere conclusions and self-serving statements, innuendo, and other legally unsatisfactory statements are insufficient.

Local Rule 7-401(E) provides:

Rule 7 - 4.01 Motions and Memoranda.

(E) A memorandum in support of a motion for summary judgment shall have attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is established by the record, and, if so, the appropriate citations. Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine issue exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.

The following facts, taken from Defendant's Statement of Uncontroverted Facts are therefore deemed admitted.

In July of 2012, the United States Postal Service, Office of Inspector General ("USPS OIG") posted Job Announcement Number 2012-64-704687 to USAJobs advertising a vacant Criminal Investigator position in Albuquerque, New Mexico. The Announcement, which was open from July 17-31, 2012, stated that applicants must meet all of the minimum qualifications, including: a Bachelor's degree from an accredited college or university; at least 5 years of professional federal law enforcement experience; have received a satisfactory performance rating on the most recent performance appraisal; current 1811 classification required; and must submit a resume which cannot exceed five pages, and a copy of the latest Pay for Performance rating. Applicants that did not meet the eligibility requirements, or whose resume exceeds five pages, were advised that they would not be considered. The Announcement stated that desirable qualifications included an advanced academic degree or six years of related professional experience.

The Announcement stated that applicants must be at least 21-years-old and cannot have reached their 37th birthday at the time of their initial appointment to the law enforcement position. It also stated that applicants must submit a complete application package, which included a resume, the occupational questionnaire, and the required supporting documents.

The Criminal Investigator position was not an entry-level position. The vacancy announcement solicited applications for an experienced federal law

enforcement officer by requiring that applicants have at least five years of federal law enforcement experience.

Classification as an 1811 law enforcement officer with USPS OIG requires knowledge and familiarity with federal criminal laws and procedures, including federal investigative techniques, federal criminal procedure, and laws and regulations governing federal law enforcement activities. Federal employees in the 1811 series are required to successfully complete the basic training course for law enforcement officers administered by the Federal Law Enforcement Training Center in Glynco, Georgia.

USPS OIG used an automated system called USA Staffing to create and post the Job Announcement. USPS OIG established an online assessment through USAJobs to screen applicants in order to determine whether they met the minimum qualifications and desirable qualifications listed in the vacancy announcement. When an applicant applied, he or she had to answer questions about eligibility. The system checked those responses against the requirements that were included in the vacancy announcement. Because the vacancy announcement included a minimum and maximum age requirement, the applicants were asked to enter their date of birth in the online assessment.

Question No. 3 in the online assessment asked applicants, "Are you currently classified as an 1811 federal law enforcement agent?" and applicants

could select either, "Yes, I am currently classified as an 1811 federal law enforcement agent" or "No, I do not have current classification as an 1811 federal law enforcement agent."

USPS OIG received approximately 420 applications for the Criminal Investigator position advertised in the Job Announcement.

Within the open timeframe, Plaintiff applied for the Criminal Investigator position through USAJobs. Plaintiff was born in 1968 and was 44-years-old at the time he applied for the Criminal Investigator position. He submitted a resume, his Police Academy transcript, the university transcripts showing completion of his bachelor's and master's degrees, and a letter from the Department of Veterans Affairs. He submitted a seven-page resume with his application. He did not submit an appraisal and he did not submit a separate statement indicating a reason why a recent performance appraisal was not available. In response to Question No. 3 in the online assessment regarding his classification as an 1811 federal law enforcement agent, Plaintiff responded "No, I do not have current classification as an 1811 federal law enforcement agent."

Prior to July of 2012, Plaintiff served 11 years in the Navy and worked as a police officer for the St. Louis Metropolitan Police Department for seven years.

In July of 2012, Plaintiff was not classified as an 1811 federal law enforcement officer, nor was he working as a Criminal Investigator for a federal

law enforcement agency in a position that had a series 1811 associated with it.

Prior to July of 2012, Plaintiff had not attended training at the Federal Law Enforcement Training Center. Likewise, prior to July of 2012, Plaintiff had not worked in the Office of Inspector General, for any executive agency or federal agency.

Job Announcement Number 2012-64-704687-DB does not state that an applicant could substitute equivalent experience for the minimum qualifications. Applicants could not substitute equivalent experience for the minimum qualifications. Plaintiff does not consider his service in the Navy to be professional federal law enforcement experience.

USA Staffing automatically deemed Plaintiff ineligible on the date he submitted his application based on his age, which did not satisfy the criteria that was established when the vacancy announcement was created. On October 4, 2012, USPS OIG notified Plaintiff that he was ineligible based on the maximum age criteria listed in the vacancy announcement.

In total, 126 applicants received a notification that they were ineligible based on their age. Of those, 121 applicants (including Plaintiff) received a notification indicating that they were ineligible based on the maximum age criteria. Five applicants received a notification indicating that they were ineligible based on the minimum age criteria.

The minimum and maximum age qualifications were erroneously included in the vacancy announcement.  USPS OIG does not restrict its vacancy announcements by age requirements and does not use age as a determining factor for eligibility of applicants.  USPS OIG did not discover that minimum and maximum age requirements were included in the vacancy announcement until the notification letters were sent out on October 4, 2012. Once USPS OIG discovered that minimum and maximum age requirements were erroneously included in the vacancy announcement, USPS OIG Human Resources Analyst Dana Bell reviewed the 126 applications that the system previously deemed as ineligible due to age in order to determine whether the applicants, in fact, were eligible based on the minimum qualifications listed in the vacancy announcement.  No person employed by USPS OIG reviewed Plaintiff's application until after October 4, 2012. After reviewing Plaintiff's application, Bell determined that Plaintiff did not meet the minimum qualifications for the position because he responded to Question #3 on the assessment questionnaire by stating, "No, I do not have current classification as an 1811 federal law enforcement agent."  Additionally, Bell reviewed Plaintiff's application to verify that he was not currently classified as an 1811 federal law enforcement agent.  Although Plaintiff indicated in his response to Question 2 in the online assessment that he had four years of federal law

enforcement experience, the information in his application packet did not support that claim.

On October 25, 2012, USPS OIG sent an email to Plaintiff explaining the prior notification error and identified his corrected rating of ineligible due to not meeting the minimum education and/or experience requirements for the specialty and grade of the position.

USA Staffing would have automatically deemed ineligible any applicant that indicated in his response to the online questionnaire that he did not have a current 1811 classification. In total, USA Staffing deemed ineligible approximately 115 applicants based on not meeting the minimum education and/or experience requirements for the specialty and grade of the position. Of the 126 applicants who were erroneously notified that they did not meet the age requirements, 76 applicants were subsequently deemed ineligible based on not meeting the minimum education and/or experience requirements for the specialty and grade of the position.  Of the 126 applicants who were erroneously notified that they did not meet the age requirements, Bell later deemed 11 applicants eligible. Of the 11 applicants that Bell deemed eligible after October 4, 2012, four applicants were born in 1968 or earlier.

Plaintiff does not know if it is a true statement that he did not meet the minimum education and/or experience requirements for the specialty and grade of the position at issue.

USPS OIG selected Christopher Paige for the Criminal Investigator position. In response to the Job Announcement, Paige submitted a resume, the university transcripts showing completion of his Bachelor and Master's degrees, a performance appraisal for 10/1/10 to 9/30/11, and letters of commendation from an Assistant United States Attorney and the Special Agent in Charge of the Atlanta Regional Office of the United States Department of Commerce. Paige submitted a five-page resume with his application. Paige received a performance rating of Level 4, which is above satisfactory, on his performance appraisal for the October 1, 2010 to September 30, 2011 appraisal cycle. Paige was 35-years-old at the time he applied and was selected for the position. In July of 2012, Paige was classified as an 1811 federal law enforcement agent because he was working as a Criminal Investigator, GS-1811-13 for the United States Department of Commerce, Office of Inspector General and had seven years of federal law enforcement experience, as he had been working as a Criminal Investigator for the United States Department of Commerce since 2005. Paige obtained a Bachelor of Arts degree in Criminal Justice in 1998 and a Master of Business Administration degree in 2004; both degrees are from accredited universities. Paige met the minimum

qualifications for the Criminal Investigator position, and he met both of the desirable qualifications listed in the vacancy announcement because he had an advanced academic degree and six years of related professional federal law enforcement experience.

## Standard

"Summary judgment is proper where the evidence, when viewed in a light most favorable to the non-moving party, indicates that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Davison v. City of Minneapolis, Minn.*, 490 F.3d 648, 654 (8th Cir. 2007); *see* Fed. R. Civ. P. 56(a). Summary judgment is not appropriate if there are factual disputes that may affect the outcome of the case under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party. *Id.* "The basic inquiry is whether it is so one-sided that one party must prevail as a matter of law." *Diesel Machinery, Inc. v. B.R. Lee Industries, Inc.*, 418 F.3d 820, 832 (8th Cir. 2005) (internal quotation marks and citation omitted). The moving party has the initial burden of demonstrating the absence of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (citation omitted). Once the moving party has met its burden, "[t]he nonmovant must do more than simply

show that there is some metaphysical doubt as to the material facts and must come forward with specific facts showing that there is a genuine issue for trial." *Id.* (internal quotation marks and citation omitted).

To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.'" *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003) (quoting *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)). The nonmoving party may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in his or her favor. *Wilson,* 62 F.3d 237, 241 (8th Cir. 1995). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson,* 477 U.S. 242 at 252; *Davidson & Associates v. Jung,* 422 F.3d 630, 638 (8th Cir. 2005). Summary Judgment will be granted when, viewing the evidence in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Samuels v. Kansas City Mo. Sch. Dist.,* 437 F.3d 797, 801 (8th Cir. 2006). "Mere allegations, unsupported by specific facts or evidence beyond the

nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin,* 483 F.3d 516, 526-7(8th Cir. 2007). "Simply referencing the complaint, or alleging that a fact is otherwise, is insufficient to show there is a genuine issue for trial." *Kountze ex rel. Hitchcock Foundation v. Gaines,* 2008 WL 2609197 at *3 (8th Cir. 2008).

## Discussion

"The ADEA makes it 'unlawful for an employer to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.'" *Onyiah v. St. Cloud State Univ.*, 684 F.3d 711, 719 (8th Cir. 2012) (quoting 29 U.S.C. § 623(a)(1)). To prove his claim under the ADEA, Plaintiff must show by a preponderance of the evidence that age was the "but-for" cause of the adverse employment action. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009) ("[T]he plaintiff [in an ADEA case] retains the burden of persuasion to establish that age was the 'but-for' cause of the employer's adverse action."). To maintain an ADEA claim, a plaintiff must either offer direct evidence of discrimination or satisfy the *McDonnell Douglas* "burden-shifting scheme." *Holmes v. Trinity Health,* 729 F.3d 817, 821 (8th Cir. 2013) (*citing McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–803 (1973)). Direct evidence is "evidence showing a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable

fact finder that an illegitimate criterion actually motivated the adverse employment action." *Torgerson v. City of Rochester,* 643 F.3d 1031, 1044 (8th Cir. 2011) (*quoting Thomas v. First Nat'l Bank of Wynne,* 111 F.3d 64, 66 (8th Cir. 1997)). Direct evidence must be premised on first-hand knowledge, *Morgan v. A.G. Edwards & Sons, Inc.*, 486 F.3d 1034, 1043 (8th Cir. 2007).

Where, as is the case here, Plaintiff neither alleges nor presents any support for direct evidence of discrimination, the claim is analyzed pursuant to the *McDonnell Douglas* burden-shifting scheme.

Under the *McDonnell Douglas* framework, a plaintiff must first establish a *prima facie* case of age discrimination. *Id.* In the context of an allegation of discrimination resulting in non-selection, Plaintiff establishes a *prima facie* case of discrimination by showing that (1) he was in the protected age group (over 40); (2) he was qualified for the position; (3) he was not hired; and (4) a younger person was hired. *See Tusing v. Des Moines Indep. Cmty. Sch. Dist.*, 639 F.3d 507, 515 (8th Cir. 2011); *see also Onyiah v. St. Cloud State Univ.*, 684 F.3d 711, 719 (8th Cir. 2012).

There is no dispute that Plaintiff was in the protected age group as he was 44 years old at the time of his application, that he was not hired for the position, nor that a younger person was hired. For the sake of argument, the dispute arises with respect to his qualifications. The Job Vacancy Announcement contained specific

13

mandatory minimum qualifications. Indeed, the Announcement specifically emphasized the fact that all of the minimum requirements must be met. The Announcement provided that an applicant must: have a bachelor's degree from an accredited college or university; at least 5 years of professional federal law enforcement experience; have a satisfactory performance rating on the most recent performance appraisal; current 1811 classification; a resume which could not exceed five pages, and a copy of the latest Pay for Performance rating. The Announcement advised that applicant that did not meet the eligibility requirements, or whose resume exceeded five pages, would not be considered.

Although Plaintiff answered Question Number 2 of Defendant's assessment questionnaire that he had four years professional federal law enforcement experience, his resume and other information contained in his application do not support this answer. In his deposition, Plaintiff confirmed that he did not have professional federal law enforcement experience prior to applying for the position.

In response to the question of whether he had 1811 federal law enforcement classification, Plaintiff answered in the negative. Plaintiff confirmed this answer in his sworn deposition. Plaintiff never worked as a criminal investigator and he had never attended federal law enforcement training at the Federal Law Enforcement Training Center. Plaintiff did not meet the mandatory minimum qualifications

annunciated in the Job Announcement. He therefore cannot satisfy the requirements necessary to establish his *prima facie* case of age discrimination.

Even if Plaintiff were able to set forth a *prima facie* case, Defendant has articulated a legitimate, nondiscriminatory reason for hiring someone other than Plaintiff. Plaintiff's questionnaire answers clearly establish that he did not meet the requirements necessary to be considered for the position. He had no previous federal law enforcement experience and he did not have the required current 1811 classification of a federal law enforcement agent. Accordingly, Defendant's legitimate, nondiscriminatory reason for not considering Plaintiff for the position was his lack of the required qualifications.

Finally, Plaintiff has presented no evidence that this given reason was pretextual and that the real reason was discriminatorily based on Plaintiff's age. "'[T]o support a finding of pretext, the applicant must show that [the employer] hired a *less* qualified applicant.' *Kincaid v. City of Omaha,* 378 F.3d 799, 805 (8th Cir.2004) (emphasis in the original)." *Torgerson,* 643 F.3d 1031, 1049 (8th Cir. 2011). "'If the comparison reveals that the plaintiff was only similarly qualified or not as qualified as the selected candidate, then no inference of . . .discrimination would arise.' *Wingate v. Gage County Sch. Dist.,* 528 F.3d 1074, 1080 (8th Cir.2008), *quoting Chambers v. Metro. Prop. & Cas. Ins. Co.,* 351 F.3d 848, 857 (8th Cir.2003)" *Id.* "'Although an employer's selection of a less qualified candidate

can support a finding that the employer's nondiscriminatory reason for the hiring was pretextual, it is the employer's role to identify those strengths that constitute the best qualified applicant.' *Gilbert v. Des Moines Area Cmty. Coll.,* 495 F.3d 906, 916 (8th Cir.2007)." *Cox v. First Nat. Bank*, 792 F.3d 936, 939 (8th Cir. 2015).

Defendant hired Christopher Paige for the position. Mr. Paige was more qualified than Plaintiff. He met all of the minimum required qualifications. He also satisfied the desired qualifications. He had a bachelor's degree, he was then employed at the 1811 classification, had at least five years previous federal law enforcement experience, had the required satisfactory performance rating on his most recent performance appraisal, and his resume did not exceed five pages. He had received his Master's degree and had seven years of professional law enforcement experience. Plaintiff cannot establish that Defendant's proffered reason for hiring Mr. Paige, albeit an individual who is younger than Plaintiff, instead of Plaintiff was a pretext to discriminate against Plaintiff based on his age.

## Conclusion

Viewing the record in the light most favorable to Plaintiff, no genuine disputes of material fact remain for trial, and judgment as a matter of law will be entered in favor of Defendant.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment [Doc. No. 40] is **GRANTED**.

A separate judgment in accordance with this Opinion, Memorandum, and Order is entered this same date.

Dated this 5th day of September, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE